UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL CAPUTO, *pro se*,

                    Plaintiff,

          -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                   Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
07-CV-3992 (DLI) (JO)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Michael Caputo, *pro se*, filed an application for Social Security Disability benefits ("SSD") under the Social Security Act (the "Act") on March 30, 2005. The Social Security Administration denied plaintiff's application initially and on reconsideration. On June 7, 2007, plaintiff appeared without representation at a hearing held before an Administrative Law Judge ("ALJ"). In a decision dated June 13, 2007, the ALJ concluded that plaintiff did not qualify for SSD. On August 29, 2007, the Appeals Council denied plaintiff's request for review. Plaintiff filed the instant action seeking judicial review of the denial of benefits pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Commissioner now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), seeking affirmation of the denial of benefits. Plaintiff did not file an opposition to the instant motion. For the reasons set forth below, the Commissioner's motion is denied and the case is remanded for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff is a 51-year-old man with schizoaffective disorder. (R. 12, 15.) In 1974, at the age of 15, after completing seventh grade, plaintiff left his special education program. (R. 71.) Plaintiff's parents cared for and housed him until they died in 1995. (R. 69, 79.) Plaintiff's

brother, apparently his only sibling, died in October 2006. (R. 69.) The only living relative mentioned in the record is plaintiff's 26-year-old estranged son. (R. 71, 78.) The record states that plaintiff lives alone, and no relatives care for him. (R. 71.)

Plaintiff alleges that he is entitled to child's benefits on his deceased parent's account because he has been disabled since before January 22, 1981, the date he turned 22 years old.[1] The record contains little evidence from the period prior to January 22, 1981. The record contains plaintiff's school records, in which two of his teachers call him an "emotionally unstable child." (R. 18, 49.) At the hearing, plaintiff indicated that he saw a psychiatrist and received treatment at Coney Island Hospital before he dropped out of grade school, but was unable to obtain the records. (R. 76.) The record does not contain medical reports relating to this treatment.

The only piece of medical evidence in the record is a brief handwritten note, dated May 21, 2007, from A. Eisler, MA, CASAC, a staff member at Staten Island University Hospital. (R. 15.) The note states that plaintiff "is diagnosed with schizoaffective disorder," and is being treated with "individual, group, and psychiatric care," in addition to the prescription drugs Seroquel, Ambien, and Lithium. (R. 15.) The note further indicates that plaintiff has been in an outpatient counseling program since 2004. (R. 15.) The record does not contain any evidence

---

[1] Because plaintiff is seeking child's benefits on his deceased parent's account, plaintiff is entitled to SSD only if he became disabled before turning 22 years old. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5). Plaintiff turned 22 on January 22, 1981. *See* 20 C.F.R. § 404.102 (setting forth the calculation for determining age). Plaintiff's allegations regarding the onset of his disability are inconsistent. Plaintiff variously alleges he has been disabled since birth (R. 5), since 1964 (R. 56), and since 1986 (R. 26). The ALJ treated the case as if plaintiff alleged an onset date of before January 22, 1981. (R. 10.) In light of plaintiff's *pro se* status, this Court must construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Accordingly, this court, like the ALJ, will assume that plaintiff alleges an onset date prior to January 22, 1981.

explaining the basis for the diagnosis, nor does it contain any evidence stating when plaintiff began suffering from schizoaffective disorder.

Plaintiff testified that he received treatment at Bayley Seton Hospital in addition to the treatment he mentioned receiving at Coney Island Hospital. (R. 75.) Plaintiff further mentioned seeing a psychiatrist when he was younger. (R. 75-76.) However, the record does not indicate when the treatment occurred, nor does it contain medical records relating to the treatment. (R. 75-76.)

## APPLICABLE LAW

**A.     Standard of Review**

An unsuccessful claimant for SSD benefits may bring an action in federal court seeking judicial review "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §§ 405(g), 1383(c)(3). The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). However, a reviewing district court may not "affirm an administrative action on grounds different from those considered by the agency." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The district court may remand the case if the ALJ's determination is "'based upon legal error or not supported by substantial evidence.'" *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (quoting *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)); *see also Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lamay v. Astrue*, 562 F.3d 503, 507 (2d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S.

389, 401 (1971)). When the record does not contain substantial evidence supporting the ALJ's decision, remand is both appropriate and necessary. *See, e.g.*, *Snell v. Apfel*, 177 F.3d 128, 136 (2d Cir. 1999); *Tejada v. Apfel*, 167 F.3d 770, 774-75 (2d Cir. 1999).

In reviewing a *pro se*'s filing, the court is mindful that "[a] document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Accordingly, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

**B.     The ALJ's Affirmative Duty to Develop the Record**

"Before determining whether the Commissioner's conclusions are supported by substantial evidence," the court "'must first be satisfied that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran*, 569 F.3d at 112 (quoting *Cruz v. Sullivan*, 912 F.2d 8 (2d Cir. 1990)). The ALJ's duty to develop the record stems from the "'non-adversarial nature of a benefits proceeding,'" and requires the ALJ to seek out evidence on behalf of both the Commissioner and the plaintiff. *Id.* at 112-13 (quoting *Lamay v. Astrue*, 562 F.3d 503, 508-09 (2d Cir. 2009)). The ALJ's duty to develop the record exists whether or not a plaintiff is represented, but the duty is heightened when the claimant appears *pro se*. *Id.* at 113.

To fulfill their duty to develop the record, ALJs must compile the claimant's "complete medical history" and make "every reasonable effort" to help obtain the necessary medical reports. 20 C.F.R. § 404.1512(d). Generally, "complete medical history" means the records of the claimant's "medical source(s) covering *at least* the 12 months preceding the month in which"

4

the claimant filed his application. *Id.* (emphasis added). However, ALJs should gather information from an earlier period when necessary to reach an informed decision. *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 83 (2d Cir. 2009) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998)). When, as in the present case, the claimant seeks child's benefits on the basis that he became disabled prior to turning 22, the ALJ must develop the claimant's "complete medical history for the 12-month period prior to . . . the month" the claimant turned 22. 20 CFR § 404.1512(d)(2). Reasonable efforts to obtain such records include an initial request for the medical records and, if the ALJ does not receive the requested records, one follow-up request. 20 C.F.R. § 404.1512(d)(1). If the evidence the ALJ receives is insufficient, the ALJ must contact medical sources for additional information. 20 C.F.R. § 404.1512(e). If the ALJ failed to develop the record, remand is appropriate. *Moran*, 569 F.3d. at 114-15.

The ALJ's duty to develop the record is particularly important when, as here, the claimant suffers from a psychiatric impairment. SSR 83-20, which is binding on the Commissioner, applies to cases that require the ALJ to determine when the claimant first became disabled. *See Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984) (SSRs are binding on the Commissioner); *Talanker v. Barnhart*, 487 F. Supp. 2d 149, 156 (E.D.N.Y. 2007) (SSR 83-20 is binding on the Commissioner); *Parmenter v. Astrue*, 2010 WL 2884866, at *4-5 (N.D.N.Y. Apr. 23, 2010) (applying SSR 83-20), *adopted by* 2010 WL 2803418 (N.D.N.Y. July 15, 2010). "SSR 83-20 'imposes what might fairly be called heightened record-development duties.'" *Parmenter v. Astrue*, 2010 WL 2884866, at *4 (citation omitted).

SSR 83-20 states: "Because mentally ill persons may not be capable of . . . furnishing necessary evidence concerning onset," the ALJ should undertake "to ascertain the onset date of the incapacitating impairment." SSR 83-20 informs ALJs how to make inferences to determine

5

the onset date of disability, and has a specific subsection that informs ALJs how to infer an onset date for a mentally ill claimant.

The ALJ's failure to follow SSR 83-20 to infer the onset of a claimant's disability is grounds for remand if the ALJ's finding is not otherwise supported by substantial evidence. *See, e.g.*, *Parmenter*, 2010 WL 2884866, at *5; *Martinez v. Barnhart*, 262 F. Supp. 2d 40, 44 (W.D.N.Y. 2003) (remanding where the ALJ failed to apply SSR 83-20 and instead "summarily conclud[ed]" that plaintiff's allegations regarding his symptoms and onset date were insufficient to support a finding of disability). This is true even if the claimant did not put forth evidence of an onset date. *Manago v. Barnhart*, 321 F. Supp. 2d 559, 569 (E.D.N.Y. 2004) ("[T]he absence of contemporaneous medical records does not preclude a finding that claimant was disabled prior to the expiration of insured status. Rather, onset of disability may be inferred in accordance with the criteria set forth in SRR 83-20."); *Parmenter*, 2010 WL 2884866, at *5.

**C.     Determining Disability**

Pursuant to 20 C.F.R § 404.350, a plaintiff is entitled to child's benefits on the earnings record of an insured person who is deceased if: (1) the plaintiff is the insured person's child; (2) the plaintiff is dependent on the insured; (3) the plaintiff applies; (4) the plaintiff is unmarried; and (5) the plaintiff is 18 years old or older and has a disability that began before he or she became 22 years old. To prove disability, a plaintiff must present "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques," as well as any other evidence the Commissioner may require. 42 U.S.C. § 423(d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).

ALJs must adhere to a five-step inquiry to determine if plaintiff is disabled under the Act, as set forth in 20 C.F.R. § 404.1520(a). First, a plaintiff is not disabled if he is working and

performing "substantial gainful activity." 20 C.F.R. § 404.1520(b). Second, the ALJ considers whether the plaintiff has a "severe impairment," without reference to age, education or work experience. 20 C.F.R. § 404.1520(c). Impairments are "severe" when they significantly limit a claimant's physical or mental "ability to conduct basic work activities." *Id.* Third, the ALJ will find a plaintiff disabled if his impairment meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). The claimant is presumptively disabled if the impairment meets or equals a listed impairment. *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984); *Gravel v. Barnhart*, 360 F. Supp. 2d 442, 445 (N.D.N.Y. 2005). If the plaintiff does not have a listed impairment, the ALJ makes a finding about plaintiff's "residual functional capacity" ("RFC") in steps four and five. 20 C.F.R. § 404.1520(e). In the fourth step, a plaintiff is not disabled if he is able to perform "past relevant work." 20 C.F.R. § 404.1520(f). Finally, in the fifth step, the ALJ determines whether the plaintiff could adjust to other work, considering factors such as age, education, and work experience. 20 C.F.R. § 404.1520(g).

## DISCUSSION

### A.   The ALJ's Decision

At the first step, the ALJ found that, although plaintiff earned $8,160 in 1985 and $16,013 in 1986, plaintiff "testified credibly that this work was not actually substantial gainful activity" because plaintiff received the work as the result of "special considerations" such as family connections. (R. 13.) But at the second step, the ALJ found the evidence failed to establish that plaintiff suffered from a severe impairment prior to January 22, 1981. (R. 13-14.) Accordingly, the ALJ's inquiry ended at the second step and the ALJ issued a decision denying plaintiff SSD. (R. 14.)

## B.     The ALJ's Decision Must Be Vacated for Inadequate Development of the Record

Because a district court cannot affirm on grounds different from those considered by the agency, the court considers the narrow question of whether the ALJ's determination that plaintiff was not disabled prior to January 22, 1981 is based on the correct legal standards and supported by substantial evidence contained in an adequately developed record. As explained below, the court finds that the ALJ did not compile the claimant's complete medical history, nor did he make every reasonable effort to obtain the necessary medical reports.

The nature of plaintiff's current illness and plaintiff's school records raise a reasonable possibility that plaintiff was disabled prior to January 22, 1981. First, it is significant that plaintiff currently suffers from schizoaffective disorder. (R. 15.) Schizoaffective disorder usually onsets in "early adulthood," and although the record does not indicate which of the two varieties of schizoaffective disorder plaintiff suffers from, one of the two varieties "may be more common in young adults." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders § 295.70 (4th ed. text rev. 2000). Second, plaintiff attended a special education program as a child, and two of his teachers called him an "emotionally unstable child." (R. 18, 49, 71.)

Despite these facts, the record does not contain any evidence indicating that the ALJ made any effort to obtain the medical records plaintiff referenced in his testimony. For example, plaintiff mentioned receiving treatment for emotional problems at Bayley Seton Hospital, and further mentioned seeing a psychiatrist when he was younger. (R. 75-76.) Plaintiff also stated that he received treatment at Coney Island Hospital, but was unable to obtain those records. (R. 76). The record does not indicate that the ALJ made any effort to obtain any of these records.

8

The ALJ also failed to meet his duty to contact medical sources when additional information was needed. *See* 20 C.F.R. § 404.1512(e). The one-page handwritten note from A. Eisler does not indicate when plaintiff began suffering from schizoaffective disorder, nor does the note explain the basis for plaintiff's diagnosis. (R. 15.) 20 C.F.R. § 404.1512(e) states that when faced with "inadequate" information from a "physician or psychologist or other medical source,"[2] the ALJ will "recontact" the "medical source" for "additional information." There is no evidence that the ALJ attempted to contact A. Eisler. The ALJ should do so on remand, particularly in light of his heightened duty to develop the record for *pro se* litigants. *Moran*, 569 F.3d at 113.

Moreover, pursuant to SSR 83-20, even though plaintiff submitted no evidence of disability prior to the relevant date, the ALJ was required to gather and consider plaintiff's medical evidence, medical history, statements from current medical staff, and evidence from nonmedical sources (such as family members or employers) to determine the onset date of plaintiff's disability. The ALJ did not perform this imperative duty to develop the record on behalf of the mentally ill plaintiff.

For disabilities of a non-traumatic origin, as here, the starting point for determining the onset date is plaintiff's own allegation of when his disability began. SSR 83-20. On remand, before rejecting plaintiff's alleged onset date, the ALJ must fulfill his "affirmative obligation to adduce substantial evidence to support his or her finding." *Parmenter*, 2010 WL 2884866, at *4

---

[2] "Medical sources refers to acceptable medical sources, *or other health care providers who are not acceptable medical sources*." 20 C.F.R. § 404.1502 (providing definitions for use in Subpart P of 20 C.F.R. § 404) (emphasis added). A. Eisler is a staff member at Staten Island University Hospital who was involved in plaintiff's treatment. (R. 15). As such, he is most likely one of the "other health care providers" that reasonably qualifies as a medical source under 20 C.F.R. § 404.1502 for purposes of applying 20 C.F.R. § 404.1512(e). *Cf. Anderson v. Astrue Comm'r of Soc. Sec.*, 2010 WL 2520950, at *3 (N.D.N.Y May 20, 2010) (finding a therapist a "medical source."). Even if A. Eisler does not qualify as a medical source, remand is still appropriate, as the record remains insufficiently developed and the ALJ did not follow SSR 83-20.

(citation, brackets, and internal quotations omitted). Accordingly, if the ALJ cannot infer the onset date from the available evidence, the ALJ "should call on the services of a medical advisor" to make such an inference. SSR 83-20; *Monette*, 2008 WL 695370, at*112 ("In circumstances where an ALJ has reason to question the onset date of disability, the best practice may be to solicit the views of a medical expert."); *Parmenter*, 2010 WL 2884866, at *5 (remanding, invoking SSR 83-20 and directing the ALJ to call on a medical advisor to make an informed determination of when the plaintiff's disability onset); *see also* 20 C.F.R. § 404.1512(f) ("If the information we need is not readily available from the records of your medical treatment source, or we are unable to seek clarification from your medical source, we will ask you to attend one or more consultative examinations at our expense."). "While SSR 83-20 does not mandate that a medical advisor be called in every case, courts have construed this step to be essential when the record is ambiguous regarding onset date." *Parmenter*, 2010 WL 2884866, at *5 (citation and internal quotations omitted).

Even if the only medical evidence the ALJ can obtain is a retrospective diagnosis from a doctor who did not treat plaintiff until after 1981, this would not automatically bar recovery. The Second Circuit accepts retrospective diagnoses as a valid means of establishing disability, and grants such diagnoses "significant weight." *Dousewicz v. Harriz*, 646 F.2d 771, 774 (2d Cir. 1981); *see also Monette v. Astrue*, 2008 WL 695370, at *113 (2d Cir. Mar. 14, 2008); *Lucas v. Barnhart*, 2005 WL 3518603, at *71 (2d Cir. Dec. 21, 2005); *Wagner v. Sec'y of HHS*, 906 F.2d 856 (2d Cir. 1990). Indeed, SSR 83-20 expressly allows just such a retrospective diagnosis. Moreover, courts in the Second Circuit have remanded cases so that the ALJ may gather and consider retrospective evidence. *See, e.g.*, *Eiden v. Sec'y of HEW*, 616 F.2d 63 (2d Cir. 1980) (remanding so the ALJ can gather evidence to determine whether plaintiff was disabled prior to

the expiration of her coverage, and holding that the absence of medical records from the relevant period does not bar recovery); *Walker v. Heckler*, 588 F. Supp. 819 (S.D.N.Y. 1984) (remanding so the ALJ can gather evidence to determine whether plaintiff's tumor, first detected in 1970, existed in 1959, the last year of plaintiff's eligibility).

The present case is remarkably similar to *Snell v. Apfel*, in which the Second Circuit stated:

> If there are no adequate findings as to the onset date of Snell's mental impairments, then it is not clear how the Appeals Council determined that any mental disability from which Snell currently suffers could not have commenced prior to the lapse of her SSDI coverage.

*Snell v. Apfel*, 177 F.3d 128, 136 (2d Cir. 1999) (remanding and directing the Commissioner to determine when plaintiff's mental disability onset). Here, as in *Snell*, the absence of evidence addressing the critical issue of when plaintiff's disability onset merits remand. Accordingly, the court remands and directs the ALJ to develop the record to determine whether plaintiff was disabled before January 22, 1981.

## CONCLUSION

The ALJ's failure to develop the record and follow SSR 83-20 has resulted in a lack of evidence on the crucial question of when plaintiff's disability onset. Therefore, the court remands pursuant to the fourth sentence of Section 405(g), directing the ALJ to develop the record and follow SSR 83-20. On remand, the court directs the ALJ to attempt to obtain plaintiff's medical records from Bayley Seton Hospital, Coney Island Hospital, and the psychiatrist plaintiff mentioned seeing. Moreover, the ALJ should attempt to obtain medical records from the hospital and doctor visits mentioned in the record, and should fulfill his duty under 20 C.F.R. § 404.1512(e) to "recontact" A. Eisler for "additional information." The court recognizes some or all of these records may prove unavailable, but the ALJ must make

reasonable efforts to obtain these documents. The court also directs the ALJ to "give careful consideration and attention to the requirements of SSR 83-20" and to "call on the services of a medical advisor and lay witnesses" when necessary. *Parmenter*, 2010 WL 2884866, at *5. The Commissioner is further directed to ensure that these further proceedings on remand are handled in an expeditious manner.

SO ORDERED.

Dated: Brooklyn, New York
September 29, 2010

/s/
DORA L. IRIZARRY
United States District Judge